UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN L. PLAUCHE                                CIVIL ACTION

VS.                                             NO. 2:18-CV-1666

METROPOLITAN LIFE INSURANCE COMPANY

**COMPLAINT**

The Complaint of Karen L. Plauche respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Karen L. Plauche**, of lawful age and a resident of Baton Rouge, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Shell Oil Company and an insured participant of a group disability policy issued by MetLife.

4. Defendant, **Metropolitan Life Insurance Company ("MetLife")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, MetLife is incorporated in New York, New York, and its principal place of business is in the state of New York.

5. MetLife issued a group policy, No. 105910-G, insuring the employees of Shell Oil Company. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical conditions precluded her from continuing to perform the duties of her job on a fulltime basis.

Plaintiff's medical conditions initially caused Plaintiff to stop working on December 2, 2013 due to debilitating back pain, neck pain, headaches, bilateral arm numbness. While on disability leave during this period, medical testing also revealed other health issues that required two throat re-section surgeries (March 2015 and May 2015), and the diagnosis of breast cancer. Her first cancer surgery was in December 2015 followed by a cervical discectomy and fusion posterior cervical laminectomy surgeries in March 2016. These issues caused her to take disability leave from December 2013 until June 27, 2016. Her doctor released her to return to work, and she was able to return to work on June 27, 2016. However, she needed to complete her second stage breast cancer reconstruction and was forced to again go out on disability on September 21, 2016 due to her second breast cancer surgery that occurred on September 22, 2016. After an approximate two-month recovery period from this surgery, in which she was taking narcotic pain medication that precluded her from performing her safety critical job duties at Shell, she was again released to return to work on November 21, 2016.

8. Plaintiff is disabled under policy terms for the periods of December 2, 2013 through June 27, 2016 and September 22, 2016 through November 21, 2016. Plaintiff has requested that MetLife pay her disability benefits during this time.

9. Despite receiving proof of loss demonstrating Plaintiff's entitlement to disability benefits during the above periods, MetLife initially denied her claim.

10. Plaintiff submitted an appeal of the denial, including updated medical records, statements from her doctors, a detailed appeal letter, her sworn declaration, payroll records, etc. which further demonstrated her entitlement to benefits under the above periods.

11. By letter of January 11, 2018, MetLife partially overturned its previous denial of LTD benefits, finding that she was entitled to benefits from November 20, 2014 through September 21, 2016. MetLife refused to pay benefits during the period in which she was recovering from her second breast cancer surgery that occurred on September 22, 2016.

12. MetLife's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now files this suit to reverse MetLife's denial of benefits.

14. MetLife has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. MetLife has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. MetLife has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

17. MetLife administered Plaintiff's claim with an inherent and structural conflict of interest as MetLife is liable to pay benefits from its own assets to Plaintiff, and each payment depletes MetLife's assets.

18. MetLife chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

19. As a routine business practice, MetLife uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

20. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

22. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

23. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com